SEARS, ROEBUCK AND CO., PLAINTIFF-RESPONDENT, v. LANGER TRANSPORT CORP., DEFENDANT-APPELLANT.

Argued October 7, 1942—Decided February 2, 1943.

Before Justices Bodine, Heher and Perskie.

For the appellant, *Nathan Baker*.

For the respondent, *Rosen & Rosen (James Rosen,* of counsel).

The opinion of the court was delivered by

Heher, J. Plaintiff sued on a book account for goods sold and delivered; and defendant counter-claimed for the price of trucking services rendered as a common carrier at the rates prescribed by the Interstate Commerce Commission. The District Court Judge, sitting without a jury, awarded plaintiff judgment for the amount claimed in the state of demand, and dismissed the counter-claim.

The first point made is that the proofs conclusively established an accord and satisfaction, and so it was error to enter judgment for plaintiff. It is grounded upon the fact that the check assertedly given in satisfaction of the accord contained a notation on its face that it was "in settlement" of the subsisting account of $382.62, "less allow's" of $72.10 and a "contra acct." of $72.83, plus "deposit on drums" of $4, or a net balance of $241.69, the amount of the check. It is said that the check reveals on its face that it was tendered in "full settlement of the respective claims of the parties against each other," and was "of such a character as to give the plaintiff notice that it must be accepted in full satisfaction of the claim or not at all," and that plaintiff's "retention and use" of the check constituted an accord and satisfaction.

But the check was delivered to plaintiff's "credit and collection manager" at defendant's place of business, in response to demands for payment; and the juge found, and there was evidence to sustain the finding, that it "was accepted with the express understanding" that it was but "a payment on account"—"a partial. payment."

To be effectual in law, an accord must partake of the elements of an enforceable contract, *i. e.*, among others, an *aggregatio mentium*, or a meeting of the minds of the parties, and a consideration in the legal sense. *Decker* v. *Geo. W. Smith & Co.*, 88 *N. J. L.* 630; *Kissell* v. *Myer and Bush Co.*, 96 *Id.* 513; *Union Cleaners and Dyers, Inc.*, v. *Zeidman*, 113 *Id.* 86; *Haynes Auto Repair Co.* v. *Wheels, Inc.*, 115 *Id.* 447; *Levine* v. *Blumenthal*, 117 *Id.* 23; *affirmed*, 117 *Id.* 426.

If the subject of an accord and satisfaction is a disputed claim or demand, even though liquidated or certain in its general characteristics, the settlement of the controversy of itself gives rise to a consideration sufficient in law to sustain the contract. Where the dispute is *bona fide*, the payment of a sum less than that claimed by the creditor is a consideration for the creditor's discharge of a matured debt, and such constitutes an accord and satisfaction good in law.

Thus, the notation on the check was evidence of the meeting of the minds essential to an accord, but it was not conclusive. And the transcript of the evidence discloses that the check was not in fact accepted as a discharge of the demand, but merely as a *pro tanto* satisfaction. The condition imposed by the notation was waived by the agreement that it should be deemed but a partial payment. The acceptance of the check was so conditioned with the express assent of the debtor.

But the judgment on the counter-claim is not well-founded. The proofs were one on the proposition that the trucking services pleaded by defendant were in fact provided, and that the charges made were in accordance with the tariff promulgated by the Interstate Commerce Commission. And plaintiff's traffic manager admitted on cross-examination that the charges had not been paid. The reason given was that they were "incorrectly billed." There was no specification.

Thus there was no evidence to sustain the judgment for

plaintiff on the counter-claim. This constitutes error in matter of law remediable on appeal. *Doolittle* v. *Hundertmark*, 88 *N. J. L.* 515; *Warren* v. *Finn*, 84 *Id.* 206. In this posture of the proofs, defendant was entitled to recover thereon. Compare *Potoker* v. *Klein*, 105 *Id.* 183.

The judgment is reversed, without costs to either party; and the cause is remanded for further proceedings not inconsistent with this opinion.